CR 24-173 DSD/TNL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ABDIAZIZ SHAFII FARAH,
2. ABDIMAJID MOHAMED NUR,
3. SAID SHAFII FARAH,
   also known as "abti,"
4. ABDULKARIM SHAFII FARAH, and
5. LADAN MOHAMED ALI,

Defendants.

**INDICTMENT**

18 U.S.C. § 371
18 U.S.C. § 201
18 U.S.C. § 1503
18 U.S.C. § 1512

THE UNITED STATES GRAND JURY CHARGES THAT:

1. At times relevant to the indictment:

a. On September 13, 2022, a federal grand jury returned a 43-count superseding indictment in *United States v. Abdiaziz Shafii Farah, et al.* The superseding indictment charged eight defendants—including ABDIAZIZ SHAFII FARAH, ABDIMAJID MOHAMED NUR, and SAID SHARII FARAH—with a number of crimes, including conspiracy, wire fraud, federal programs bribery, and money laundering.

b. Trial in *United States v. Abdiaziz Shafii Farah, et al.* began on April 22, 2024, before the Honorable Judge Nancy E. Brasel at the United States District Court in Minneapolis, Minnesota.

c. ABDIAZIZ SHAFII FARAH was a defendant in *United States v. Abdiaziz Shafii Farah, et al.*

SCANNED
JUN 25 2024
U.S. DISTRICT COURT MPLS

d. ABDIMAJID MOHAMED NUR was a defendant in *United States v. Abdiaziz Shafii Farah, et al.*

e. SAID SHAFII FARAH was a defendant in *United States v. Abdiaziz Shafii Farah, et al.*

f. ABDULKARIM SHAFII FARAH was the brother of ABDIAZIZ FARAH and SAID FARAH.

g. LADAN MOHAMED ALI was a resident of Seattle, Washington.

h. Juror 52 was a juror in the criminal trial of *United States v. Abdiaziz Shafii Farah, et al.*

i. Bushra Wholesalers LLC was a company owned by SAID FARAH and located in Minneapolis, Minnesota.

j. Signal was an encrypted text messaging app that provided end-to-end encryption to ensure messages could not be intercepted or obtained by law enforcement agents pursuant to a search warrant or other court order.

**<u>Count 1</u>**
(Conspiracy to Bribe a Juror)

2. From in or about March 2024 through in or about June 2024, the defendants,

ABDIAZIZ SHAFII FARAH,
ABDIMAJID MOHAMED NUR,
SAID SHAFII FARAH, also known as "abti,"
ABDULKARIM SHAFII FARAH, and
LADAN MOHAMED ALI,

conspired with each other, and others known and unknown to the grand jury, to corruptly give, offer, and promise something of value to a public official or person who

has been selected to be a public official—specifically, a juror in the trial *United States v. Abdiaziz Shafii Farah, et al.*—with intent to influence an official act—namely, to return a not guilty verdict, in violation of Title 18, United States Code, Sections 371 and 201.

**Object and Purpose of the Conspiracy**

3. The object and purpose of the conspiracy was to bribe a juror in exchange for the juror returning a not guilty verdict in *United States v. Abdiaziz Shafii Farah, et al.*

**Manner and Means of the Conspiracy**

4. The conspirators used the following manner and means, among others, to accomplish the object and purpose of the conspiracy:

a. The conspirators identified and decided to offer a cash bribe to Juror 52 in exchange for returning a not guilty verdict in the criminal trial of *United States v. Abdiaziz Shafii Farah, et al.* The conspirators targeted Juror 52 because she was the youngest juror and they believed her to be the only juror of color.

b. The conspirators researched Juror 52's address and other personal information online and via social media, including Juror 52's Facebook account. Through their online research, the conspirators identified Juror 52's home address and found information about Juror 52's background and family members.

c. The conspirators conducted surveillance of Juror 52 to confirm her home address and obtain information about Juror 52's daily habits. Among other things, conspirators followed Juror 52 home as she left court during the criminal trial.

d. The conspirators purchased a GPS tracking device to covertly install on Juror 52's car in order to help them better surveil and track Juror 52's movements.

e. The conspirators obtained approximately $200,000 in cash to be delivered and paid to Juror 52 as a bribe in exchange for a not guilty verdict in the criminal trial.

f. The conspirators drafted a list of instructions for Juror 52 that included directions for her to vote "NOT GUILTY ON ALL COUNTS FOR ALL DEFENDANTS" and to "convince all the remaining jurors to mark NOT GUILTY for all defendants and all counts." To that end, the conspirators compiled a list of "arguments to convince other jurors," many of which appeared designed to convince Juror 52 that the prosecution was motivated by racial animus. Among other things, the conspirators' list stated that "[w]e are immigrants, they don't respect us," that the government was "prejudice[d] against people of color," and that "people of color and immigrants [were being] prosecuted for the fault of other people."

g. Members of the conspiracy delivered a gift bag containing $120,000 in cash to Juror 52's house the night before the conclusion of closing arguments and the beginning of jury deliberations in their criminal case.

h. A conspirator handed the gift bag containing the $120,000 cash bribe to a relative of Juror 52 and explained that the money was a present in exchange for a not guilty verdict. The conspirator promised that there would be more money if she returned a not guilty verdict.

i. The conspirators took a video of the delivery of the bribe money to Juror 52's house. They took the video to ensure that the money was delivered and as evidence to show Juror 52's complicity if she accepted the bribe but did not follow through with a not guilty verdict.

j. After learning that Juror 52 had called 911 to report the bribe and being ordered by the Court to turn their phones over to the Federal Bureau of Investigation, some of the conspirators deleted evidence of the bribe attempt from their phones.

**Acts in Furtherance of the Conspiracy**

5. In furtherance of the conspiracy and to accomplish its unlawful objectives, the defendants committed and caused to be committed the following overt acts, among others, in the State and District of Minnesota, and elsewhere:

a. ABDIAZIZ FARAH directed ABDIMAJID NUR to research Juror 52's address and other personal details.

b. ABDIMAJID NUR found Juror 52's home address through a search of internet and social media websites, including Juror 52's Facebook page.

c. ABDULKARIM FARAH conducted surveillance of Juror 52 and Juror 52's house.

d. ABDULKARIM FARAH sent ABDIMAJID NUR a map of the location of the Jerry Haaf Memorial Parking Ramp where Juror 52 parked during her jury service.

e. ABDIMAJID NUR recruited LADAN ALI to help deliver the bribe money to Juror 52.

f. On May 17, 2024, LADAN ALI flew from Seattle, Washington, to Minneapolis, Minnesota, to meet with ADBIMAJID NUR and discuss the plan to bribe Juror 52.

g. LADAN ALI agreed to deliver the bribe money to Juror 52 in exchange for a payment of $150,000.

h. On Thursday, May 30, 2024, LADAN ALI flew from Seattle, Washington, to Minneapolis, Minnesota, to deliver the bribe money to Juror 52.

i. On Friday, May 31, 2024, LADAN ALI attempted to follow Juror 52 home as she left the Jerry Haaf Parking Ramp at the conclusion of the first day of closing arguments.

j. At approximately 12:56 a.m. on Sunday, June 2, 2024, ABDIAZIZ FARAH sent a message to SAID FARAH using an encrypted messaging app. ABDIAZIZ FARAH told SAID FARAH to "[p]lease have the money ready by 10 please. It's very important for everything we have."

k. On Sunday, June 2, 2024, ABDIAZIZ FARAH instructed ABDIMAJID NUR to meet him at SAID FARAH's business, Bushra Wholesalers, to pick up the bribe money.

l. On Sunday June 2, 2024, ABDIMAJID NUR drove to Bushra Wholesalers to pick up the bribe money.

m. On Sunday June 2, 2024, SAID FARAH gave ABDIMAJID NUR a cardboard box containing the money to bribe Juror 52. SAID FARAH told ABDIMAJID NUR to "be safe."

n. On Sunday, June 2, 2024, LADAN ALI purchased two Hallmark gift bags for use in delivering the bribe money to Juror 52.

o. After receiving the bribe money from SAID FARAH, ABDIMAJID NUR met LADAN ALI in a parking lot in Bloomington, Minnesota. LADAN ALI got into ABDIMAJID NUR's car. ABDIMAJID NUR then handed LADAN ALI the cardboard box containing the bribe money he had received from SAID FARAH. LADAN ALI took the bribe money from the cardboard box and put it into one of the Hallmark gift bags for delivery to Juror 52. LADAN ALI left the cardboard box and second gift bag in ABDIMAJID NUR's car.

p. After receiving the bribe money from ABDIMAJID NUR, LADAN ALI met ABDULKARIM FARAH in a parking lot near Juror 52's house.

q. At approximately 5:30 p.m. on June 2, 2024, ABDULKARIM FARAH and LADAN ALI drove to a nearby Target store to purchase a screwdriver. ABDULKARIM FARAH used the screwdriver to remove the license plates from LADAN ALI's rental car prior to the bribe attempt.

r. At approximately 8:50 p.m. on June 2, 2024, ABDULKARIM FARAH and LADAN ALI drove to Juror 52' s house. LADAN ALI approached Juror 52's house with the gift bag containing the bribe money. LADAN ALI handed the gift bag to a relative of Juror 52 and explained there would be more money if Juror 52 voted to acquit the defendants.

s. ABDULKARIM FARAH remained in the car and took a video recording of LADAN ALI dropping off the bribe money at Juror 52's house.

t. At approximately 9:00 p.m. on June 2, 2024, ABDIAZIZ FARAH sent SAID FARAH a text message stating, "still posted outside of house abti." ABDULKARIM FARAH used an encrypted messaging app to send this message to SAID FARAH.

u. ABDULKARIM FARAH sent the video LADAN ALI dropping off the bribe money to his co-conspirators, including ABDIAZIZ FARAH and ABDIMAJID NUR, using an encrypted messaging app.

v. At approximately 10:18 p.m. on June 2, 2024, ABDIAZIZ FARAH sent SAID FARAH the video of LADAN ALI dropping off the bribe money. ABDULKARIM FARAH used an encrypted messaging app to send the video to SAID FARAH. The message to SAID FARAH said, "watch and delete abti."

w. On June 3, 2024, after being ordered by Judge Nancy Brasel to surrender their phones to law enforcement, ABDIAZIZ FARAH conducted a factory reset of his iPhone in order to delete the messages, video, and other evidence of the bribe attempt from his phone.

x. On June 3, 2024, ABDIMAJID NUR deleted evidence of the bribe attempt from his phone, including video of the bribe attempt and the encrypted messaging app he and his co-conspirators used to discuss the bribe.

y. On June 3, 2024, SAID FARAH deleted evidence of the bribe attempt from his iPhone, including the video of LADAN ALI delivering the bribe to Juror 52's house.

All in violation of Title 18, United States Code, Section 371.

**<u>Count 2</u>**
(Bribery of a Juror)

6. Paragraphs 1 through 5 are incorporated herein.

7. On or about June 2, 2024, in the State and District of Minnesota, and elsewhere, the defendants,

ABDIAZIZ SHAFII FARAH,
ABDIMAJID MOHAMED NUR,
SAID SHAFII FARAH, also known as "abti,"
ABDULKARIM SHAFII FARAH, and
LADAN MOHAMED ALI,

directly or indirectly, corruptly gave, offered, and promised something of value to a public official or person who has been selected to be a public official—specifically, a juror in the trial *United States v. Abdiaziz Shafii Farah, et al.*—with intent to influence an official act—namely, to return a not guilty verdict in the trial, in violation of Title 18, United States Code, Section 201.

**<u>Count 3</u>**
(Corruptly Influencing a Juror)

8. Paragraphs 1 through 5 are incorporated herein.

9. On or about June 2, 2024, in the State and District of Minnesota, and elsewhere, the defendants,

ABDIAZIZ SHAFII FARAH,
ABDIMAJID MOHAMED NUR,
SAID SHAFII FARAH, also known as "abti,"
ABDULKARIM SHAFII FARAH, and
LADAN MOHAMED ALI,

corruptly endeavored to influence a juror of a court of the United States—namely, by attempting to bribe a juror in the trial *United States v. Abdiaziz Shafii Farah, et al.*, in violation of Title 18, United States Code, Section 1503.

**Count 4**
(Obstruction of Justice)

10. Paragraphs 1 through 5 are incorporated herein.

11. On or about June 3, 2024, in the State and District of Minnesota, and elsewhere, the defendant,

ABDIAZIZ SHAFII FARAH,

corruptly altered, destroyed, mutilated, and concealed a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding—namely, by deleting the contents of his iPhone after being ordered by the Court to turn it over to law enforcement, in violation of Title 18, United States Code, Section 1512.

A TRUE BILL

UNITED STATES ATTORNEY

FOREPERSON